IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:24-CV-00014

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> APPROXIMATELY $5,260.00 IN U.S. ) <br> CURRENCY seized from Mary ) <br> Katherine Moffitt on or about August 10, ) <br> 2023, in Henderson County, North ) <br> Carolina, ) <br> ) <br> Defendant. ) | **VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |

NOW COMES the United States of America, Plaintiff herein, by Dena J. King, United States Attorney for the Western District of North Carolina, in a civil cause of forfeiture, and respectfully states the following:

## NATURE OF ACTION

1. This is a civil action *in rem* against approximately $5,260.00 in United States Currency ("the Defendant Currency") seized from Mary Katherine Moffitt on or about August 10, 2023, in Henderson County, North Carolina.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

3. This Court has *in rem* jurisdiction over the Defendant Currency, and venue is proper pursuant to 28 U.S.C. § 1355(b)(1) because acts or omissions giving rise to the forfeiture occurred in the Western District of North Carolina.

4. Venue is also proper pursuant to 28 U.S.C. § 1395 because the Defendant Currency is located in the Western District of North Carolina.

5. The Defendant Currency was seized within and is now within the Western District of North Carolina.

## BASIS FOR FORFEITURE

6. This civil action is brought against the Defendant Currency because it constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841 and/or 846, proceeds traceable to such an exchange, and/or money used or intended to be used to facilitate a violation of 21 U.S.C. §§ 841 and/or 846, and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

## FACTS

7. In early October 2022, on two separate occasions, Detectives with the Henderson County Drug Task Force ("HCDTF") conducted controlled purchases of methamphetamine from Ms. Moffitt using a confidential source.

8. During the initial controlled purchase in early October 2022, Ms. Moffitt sold approximately 27.5 grams of methamphetamine to a confidential source. During the second controlled purchase, Ms. Moffitt sold approximately 42.9 grams of methamphetamine to a confidential source.

9. Less than a year later, on August 10, 2023, at approximately 7:41 p.m., Detective Jimenez with the Henderson County Sheriff's Office was patrolling in the area of U.S. 25 northbound. Detective Jimenez observed a white Toyota Corolla with an expired temporary tag merge onto Interstate 26 westbound, and leave the interstate at exit 53.

10. As the vehicle traveled westbound on Upward Road, Detective Jimenez activated his emergency lights to conduct a traffic stop. The vehicle pulled into the Shell gas station at 712 Upward Road in Flat Rock, NC.

11. Ms. Moffitt was the driver and sole occupant of the vehicle.

12. As Ms. Moffitt attempted to locate her driver's license, Detective Jiminez observed a large quantity of rubber banded U.S. Currency in a black hand purse inside of the vehicle.

13. Detective Jimenez asked Ms. Moffitt if there was anything illegal inside the vehicle and she responded, "No. Nothing that I know of."

14. Ms. Moffitt consented to a search of her vehicle.

15. During the search of the vehicle, Detective Jimenez located a silver water bottle in the passenger floorboard. Detective Jimenez noticed that there was a small seam near the bottom of the water bottle that was partially covered with a rubber wristband. Detective Jimenez unscrewed the bottom of the water bottle and located a small void. Inside the hidden compartment were four different size clear plastic baggies containing a crystal-like substance that was later confirmed to be approximately 17 grams of methamphetamine, along with three unidentified pills.

16. The quantity and manner in which the methamphetamine was packaged was consistent with the sale and distribution of controlled substances.

17. Detective Jimenez also located inside of the vehicle a black and white purse with a brown plastic grocery bag inside. Two glass pipes/bongs with burnt residue were visible inside of the brown plastic grocery bag.

18. Detective Jimenez found the black hand purse that contained the rubber banded U.S. Currency on the front passenger seat, which was later counted and totaled $4,900.00.

19. The manner in which the currency was rubber banded was consistent with how individuals who are involved in the sale and distribution of controlled substances organize their proceeds from the sale of illegal drugs.

20. Ms. Moffitt stated that she obtained the money from cashing her son's paychecks. Detective Jimenez asked Ms. Moffitt why she had her son's paychecks and she said, "He gives them to me to keep, so he doesn't spend it." Detective Jimenez asked how old Ms. Moffitt's son was and she said, "He is 28."

21. During the course of the traffic stop, female Deputy Landers arrived on scene to assist Detective Jimenez. Deputy Landers searched Ms. Moffit's person and located $360.00 in U.S. Currency, along with a glass pipe with burnt residue inside her bra.

22. The currency seized from Ms. Moffitt during the traffic stop totaled $5,260.00.

23. Ms. Moffitt was arrested and charged with felony possession with intent to sell or deliver a Schedule II controlled substance, along with possession of drug paraphernalia.

24. Ms. Moffitt's criminal history includes a history of drug-related offenses.

## ADMINISTRATIVE FORFEITURE

25. DEA timely adopted the seizure of the Defendant Currency and initiated an administrative forfeiture action against the Defendant Currency.

26. On October 20, 2023, Ms. Moffitt filed a claim as to the Defendant Currency.

27. The United States now files this Complaint in response to that claim.

28. The following persons may have or claim an interest in the Defendant Currency:

Mary Katherine Moffitt

Johnathan Moffitt

## **CONCLUSION**

29. By virtue of the foregoing, all right, title, and interest in the Defendant Currency vested in the United States at the time of the commission of the unlawful act giving rise to forfeiture, 21 U.S.C. § 881(h), and has become and is forfeitable to the United States of America.

6

Case 1:24-cv-00014-MR-WCM    Document 1    Filed 01/18/24    Page 6 of 9

## PRAYER FOR RELIEF

WHEREFORE, the United States of America respectfully prays the Court that:

(1) a warrant for the arrest of the Defendant Currency be issued;

(2) due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

(3) judgment be entered declaring the Defendant Currency to be condemned and forfeited to the United States of America for disposition according to law; and

(4) the United States be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action, including but not limited to the expenses of maintenance and protection of the Defendant Currency as required by 28 U.S.C. § 1921.

Respectfully submitted this 18th day of January, 2024.

DENA J. KING
UNITED STATES ATTORNEY

**s/ Jonathan D. Letzring**
JONATHAN D. LETZRING
Assistant United States Attorney
Georgia Bar No. 141651
Room 233, U.S. Courthouse
100 Otis Street
Asheville, North Carolina 28801

Telephone No. (828) 271-4661
jonathan.letzring@usdoj.gov

8

# **VERIFICATION**

I am a Task Force Officer with the Drug Enforcement Administration. Pursuant to 28 U.S.C. § 1746, I hereby verify and declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Date: 1/18/2024

*Matthew M. Parce*

Matthew Parce
DEA Task Force Officer