| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER OF DEFAULT** |
| ) | **JUDGMENT** |
| ) | |
| APPROXIMATELY $5,260.00 IN U.S. ) | |
| CURRENCY seized from Mary ) | |
| Katherine Moffitt on or about August ) | |
| 10, 2023, in Henderson County, ) | |
| North Carolina, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Government's Motion for Default Judgment. [Doc. 10]. Pursuant to Fed. R. Civ. P. 55(b)(2), the Government requests that the Court enter a Default Judgment of Forfeiture with respect to the approximately $5,260.00 in U.S. Currency ("Defendant Currency") seized from Mary Katherine Moffitt as identified in the Complaint.

## FACTUAL BACKGROUND

The following is a recitation of the relevant, admitted facts.[1]

---

[1] Where, as here, an entry of default occurs, the defaulted party is deemed to have admitted all well-pleaded allegations of fact in the complaint. See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2011); see also Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive

In early October 2022, on two separate occasions, detectives with the Henderson County Drug Task Force ("HCDTF") conducted controlled purchases of methamphetamine from Ms. Moffitt using a confidential source. [Doc. 1 at ¶ 7].

During the initial controlled purchase in early October 2022, Ms. Moffitt sold approximately 27.5 grams of methamphetamine to a confidential source. [Id. at ¶ 8]. During the second controlled purchase, Ms. Moffitt sold approximately 42.9 grams of methamphetamine to a confidential source. [Id.].

Less than a year later, on August 10, 2023, at approximately 7:41 p.m., Detective Jimenez with the Henderson County Sheriff's Office was patrolling in the area of U.S. Highway 25 northbound. [Id. at ¶ 9]. Detective Jimenez observed a white Toyota Corolla with an expired temporary tag merge onto Interstate 26 westbound, and leave the interstate at exit 53. [Id.].

As the vehicle traveled westbound on Upward Road, Detective Jimenez activated his emergency lights to conduct a traffic stop. [Id. at ¶ 10]. The vehicle pulled into the Shell gas station at 712 Upward Road in

---

pleading is required and the allegation is not denied"). Thus, the factual allegations in the Government's Verified Complaint [Doc. 1] are deemed admitted as true.

Flat Rock, North Carolina. [Id.]. Ms. Moffitt was the driver and sole occupant of the vehicle. [Id. at ¶ 11].

As Ms. Moffitt attempted to locate her driver's license, Detective Jiminez observed a large quantity of rubber banded U.S. Currency in a black hand purse inside of the vehicle. [Id. at ¶ 12]. Detective Jimenez asked Ms. Moffitt if there was anything illegal inside the vehicle and she responded, "No. Nothing that I know of." [Id. at ¶ 13]. Ms. Moffitt consented to a search of her vehicle. [Id. at ¶ 14].

During the search of the vehicle, Detective Jimenez located a silver water bottle in the passenger floorboard. [Id. at ¶ 15]. Detective Jimenez noticed that there was a small seam near the bottom of the water bottle that was partially covered with a rubber wristband. [Id.]. Detective Jimenez unscrewed the bottom of the water bottle and located a small void. [Id.]. Inside the hidden compartment were four different size clear plastic baggies containing a crystal-like substance that was later confirmed to be approximately 17 grams of methamphetamine, along with three unidentified pills. [Id.].

The quantity and manner in which the methamphetamine was packaged was consistent with the sale and distribution of controlled substances. [Id. at ¶ 16].

Detective Jimenez also located inside of the vehicle a black and white purse with a brown plastic grocery bag inside. [Id. at ¶ 17]. Two glass pipes/bongs with burnt residue were visible inside of the brown plastic grocery bag. [Id.].

Detective Jimenez found the black hand purse that contained the rubber banded U.S. Currency on the front passenger seat, which was later counted and totaled $4,900.00. [Id. at ¶ 18]. The manner in which the currency was rubber banded was consistent with how individuals who are involved in the sale and distribution of controlled substances organize their proceeds from the sale of illegal drugs. [Id. at ¶ 19].

Ms. Moffitt stated that she obtained the money from cashing her son's paychecks. [Id. at ¶ 20]. Detective Jimenez asked Ms. Moffitt why she had her son's paychecks and she said, "He gives them to me to keep, so he doesn't spend it." [Id.]. Detective Jimenez asked how old Ms. Moffitt's son was and she said, "He is 28." [Id.].

During the course of the traffic stop, female Deputy Landers arrived on scene to assist Detective Jimenez. [Id. at ¶ 21]. Deputy Landers searched Ms. Moffit's person and located $360.00 in U.S. Currency, along with a glass pipe with burnt residue inside her bra. [Id.]. The currency

4

Case 1:24-cv-00014-MR-WCM   Document 12   Filed 06/26/24   Page 4 of 8

seized from Ms. Moffitt during the traffic stop totaled $5,260.00. [Id. at ¶ 22].

Ms. Moffitt was arrested and charged with felony possession with intent to sell or deliver a Schedule II controlled substance, along with possession of drug paraphernalia. [Id. at ¶ 23]. Ms. Moffitt's criminal history includes a history of drug-related offenses. [Id. at ¶ 24].

## PROCEDURAL BACKGROUND

On January 18, 2024, the Government filed a Verified Complaint for Forfeiture In Rem, alleging that the Defendant Currency seized from Mr. Moffitt is subject to civil forfeiture under 21 U.S.C. § 881(a)(6). [Doc. 1]. On January 19, 2023, the Clerk issued a Warrant of Arrest In Rem for the Defendant Currency. [Doc. 2].

After the Government filed its Complaint, and in accordance with Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Government provided direct notice of this action to known potential claimants. Specifically, on January 24, 2024, the Government mailed notice and a copy of the Complaint to Ms. Moffitt; Ms. Moffitt's son, Johnathan Moffitt; and Ms. Moffitt's attorney, Nathan Stallings. [Doc. 6]. Additionally, in accordance with Supplemental Rule G(4)(a), the Government provided notice by publication as to all persons with potential

claims to the Defendant Currency by publishing notice via www.forfeiture.gov for 30 consecutive days, beginning on January 23, 2024. [Id.].

The Government has taken reasonable steps to provide notice to known potential claimants, and the Government has otherwise complied with the notice requirements set forth in Supplemental Rule G(4). During the pendency of this action, no individual or entity has made a timely claim to the Defendant Currency.

On May 15, 2024, the Clerk entered an Entry of Default. [Doc. 9].

## DISCUSSION

Pursuant to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), the Government has the initial burden of establishing by a preponderance of the evidence that the defendant property is subject to forfeiture. 18 U.S.C. § 983(c)(1). A complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2)(f). The Government may seek forfeiture of currency if it was used, or intended to be used in exchange for a controlled substance, or represents proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. § 801 et seq. See 21 U.S.C. § 881(a)(6).

Based upon the allegations of the Government's Verified Complaint—which are deemed admitted as true—the Court finds that the Government has satisfied its burden of showing that the Defendant Currency is subject to civil forfeiture under 21 U.S.C. § 881(a)(6). Additionally, the Court finds that the Government has taken reasonable steps to provide notice to known potential claimants, and the Government has otherwise complied with the notice requirements set forth in Supplemental Rule G(4). No individual or entity has timely filed a claim to the Defendant Currency.

After careful review, the Court finds that the Government has established that default judgment is appropriate.

## **JUDGMENT**

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that the Government's Motion for Default Judgment [Doc. 10] is hereby **GRANTED**, and Judgment of Forfeiture is hereby **ENTERED** in favor of the United States against all persons and entities with respect to the Defendant Currency identified in the Complaint.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that any right, title, and interest of all persons to the Defendant Currency is hereby forfeited to the United States, and no other right, title, or interest shall exist therein.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the United States Marshal is hereby directed to dispose of the Defendant Currency as provided by law.

**IT IS SO ORDERED.**

Signed: June 26, 2024

Martin Reidinger
Chief United States District Judge